UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - X
TADCO CONSTRUCTION GROUP CORP. and
THOMAS DEMARTINO,

                Plaintiffs,        MEMORANDUM & ORDER

    - against –                 08-CV-73 (KAM)(JMA)

DORMITORY AUTHORITY OF THE STATE OF NEW
YORK, TYRONE MIDDLETON, PAT CINELLI,
JAMES GRAY, JACK KEMP and JOHN DOES
#1-#5,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - X
**MATSUMOTO, UNITED STATES DISTRICT JUDGE:**

        On September 19, 2011, plaintiff DeMartino filed a motion for reconsideration of Judge Trager's March 19, 2010 order on defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (*See* ECF Nos. 75 & 76, Plaintiff's Motion for Reconsideration.) For the reasons set forth below, the court denies plaintiff DeMartino's motion for reconsideration.

        The decision to grant or deny a motion for reconsideration falls squarely within the discretion of the district court. *See Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 132 (2d Cir. 1999). Local Civil Rule 6.3 provides that a party moving for reconsideration must set forth

1

"concisely the matters or controlling decisions which counsel believes the court has overlooked." Local Rule 6.3. Undoubtedly, the "standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). The court has examined whether plaintiff's motion for reconsideration identifies any matters or controlling decisions that Judge Trager overlooked in his March 19, 2010 order and finds that reconsideration is not warranted.

Plaintiff primarily grounds his motion for reconsideration upon a claim that Judge Trager inappropriately considered a document outside of the pleadings (*i.e.*, a November 9, 2006 letter from DASNY project manager Krystyna Gruca), but the record does not support plaintiff's contention. First, Judge Trager explained that in deciding the motion, he considered only (1) plaintiff's complaint, (2) a short governing contract attached to the complaint, and (3) a longer document containing the contract's General Conditions and Specifications and Drawings, which was incorporated into the pleadings by reference. (*See* Order dated 3/19/2010 at 12.) Moreover, Judge

Trager explicitly stated in footnote 1 of his decision that he would not consider any of the additional exhibits defendants proffered, "including several letters exchanged between DASNY and TADCO" (*i.e.*, including the November 9, 2006 letter).

Second, the court has reviewed Judge Trager's order and determines that he did not cite to or rely on any other documents outside the pleadings, other than those explicitly identified, in rendering the decision. Judge Trager reaffirmed in footnote 7 that he would not consider the November 9, 2006 letter about which plaintiff DeMartino now complains. ("Even if this letter were considered . . . "). Furthermore, plaintiff has not pointed to any "controlling decisions or data that the court overlooked" and that would have caused Judge Trager to sustain plaintiff's false arrest claim arising out of his January 2007 arrest.

The court also finds that reconsideration is not warranted "to correct a clear error or prevent a manifest injustice." *See Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003) (citation and internal quotation marks omitted). Although plaintiff claims that he was not given an opportunity to oppose this motion because defendants did not serve him with the motion and plaintiff was unrepresented at the time the

motion was filed, he has not raised any defense or fact in his motion for reconsideration that would have altered Judge Trager's decision.  Accordingly, the court denies plaintiff's motion for reconsideration.  Defendants are ordered to serve plaintiff DeMartino with a copy of this order and file a declaration of service by February 15, 2012.  In addition, by March 2, 2012, the parties shall file a joint status report regarding how they intend to proceed.


**SO ORDERED.**

Dated:   Brooklyn, New York
         February 14, 2012

                                   _____/s/_____
                                   **KIYO A. MATSUMOTO**
                                   United States District Judge
                                   Eastern District of New York