```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

TADCO CONSTRUCTION CORP. and THOMAS
DEMARTINO,                                    ORDER ADOPTING REPORT
                                              AND RECOMMENDATION
                    Plaintiffs,
                                              08-CV-0073 (KAM)(JMA)
    -against-

DORMITORY AUTHORITY OF THE STATE OF
NEW YORK, TYRONE MIDDLETON, PAT
CINELLI, JAMES GRAY, JACK KEMP and
JOHN DOES #1-#5,

                    Defendants.

----------------------------------------X
```

**MATSUMOTO, United States District Judge:**

On January 7, 2008, plaintiffs TADCO Construction Corporation ("TADCO") and Thomas DeMartino ("DeMartino," and collectively with TADCO, "plaintiffs") commenced this action against the Dormitory Authority of the State of New York ("DASNY"), and individual defendants Tyrone Middleton ("Middleton"), Pat Cinelli ("Cinelli"), James Gray ("Gray") and Jack Kemp ("Kemp"). (*See generally* ECF No. 1, Complaint filed 1/7/08 ("Compl.").) Plaintiffs allege that defendants violated their civil rights pursuant to 42 U.S.C. § 1983 and New York state law, and additionally, TADCO asserted a breach of contract claim against DASNY. (*See generally* Compl.)

On March 19, 2010, the Hon. David G. Trager dismissed several of plaintiffs' claims. (ECF No. 39, Order dated

3/19/10); *see also TADCO Contr. Corp. v. Dormitory Auth. of the State of N.Y.* [hereinafter *TADCO I*], 700 F. Supp. 2d 253 (E.D.N.Y. 2010). The only claims remaining after Judge Trager's Order were DeMartino's three federal law claims against the individual defendants, alleging false arrest, malicious prosecution, and abuse of process under § 1983 based on DeMartino's arrest in November 2006, and various state law claims raised by TADCO. *TADCO I*, 700 F. Supp. 2d at 277.

The parties conducted limited discovery on DeMartino's remaining federal claims. (*See* Docket Nos. 98-105.) On November 22, 2013, the individual defendants filed their motion for summary judgment as to DeMartino's federal claims. (ECF No. 127, Individual Defendants' Motion for Summary Judgment filed 11/22/13 ("Ind'l Defs.' Mot. for Summ. J."); ECF No. 128-1, Memorandum in Support of Summary Judgment filed 11/22/13 ("Defs.' Br."); ECF No. 128-2, Rule 56.1 Statement in Support of Motion for Summary Judgment filed 11/22/13 ("Defs.' 56.1 Stmt.").) In their motion for summary judgment, the individual defendants also requested that the court award movants the costs, including attorney's fees, of bringing the motion. (*See* Defs.' Br. at 38.) DeMartino opposed the motion for summary judgment. (*See* ECF No. 124, DeMartino's Rule 56.1 Statement, Opposition, and Supporting Documents filed 10/25/13 ("DeMartino

Opp.").)

On December 11, 2013, this court referred the individual defendants' motion for summary judgment to the Hon. Joan M. Azrack for a Report and Recommendation ("R&R"). (*See* Order Referring Motion dated 12/11/13.) On September 2, 2014, Judge Azrack issued an R&R recommending that the motion for summary judgment be granted in its entirety, and that the court decline to exercise pendent jurisdiction over TADCO's remaining state law claims. (R&R at 16.) In the R&R, Judge Azrack noted that any objections to the R&R must be filed within fourteen days of the issuance of the R&R, and that failure to file objections within the specified time waives the right to appeal the district court's order. (*Id.* (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72).)

On September 15, DeMartino and TADCO timely filed objections to the R&R. DeMartino objected to the R&R in its entirety. (ECF No. 136, DeMartino Objection filed 9/15/14 ("DeMartino Obj.").) TADCO objected to the R&R's recommendation that this court decline exercising jurisdiction over its remaining state law claims. (ECF No. 137, TADCO Objection filed 9/16/14 ("TADCO Obj.").) DeMartino also joined in TADCO's objection regarding the state law claims. (ECF No. 138, DeMartino Supplement filed 9/16/14.) On September 17, 2014,

defendants filed a motion for extension of time to file a response to plaintiffs' objections. (ECF No. 139, Motion for Extension of Time filed 9/17/14.) Because the court finds that plaintiffs' objections to the R&R are meritless, the court respectfully denies defendants' request for extension of time as moot.

## FACTUAL BACKGROUND

The court presumes familiarity with the facts of this case, which have been set forth comprehensively in Judge Azrack's Report and Recommendation, and which are adopted herein.1 (R&R at 4-7); *see also TADCO I*, 700 F. Supp. 2d at 257-259.2

## STANDARD OF REVIEW

In reviewing a Report and Recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The district court "shall make a de novo

---

1 The court only has one minor correction regarding the R&R's recitation of the facts. The R&R states, "When Thomas returned after initially being escorted off the job site, Middleton *had* him arrested because he reasonably concluded that he had exercised the contract's removal provision." (R&R at 10 (emphasis added).) Under the court's reading of the parties' 56.1 statements, evidence, and submissions, the court finds that Middleton did not "have" Thomas DeMartino arrested, but that the evidence clearly establishes that Middleton called safety officers to have DeMartino removed because he returned to the work site after the first removal, and was ignorant of the safety officers' arrest power.
2 Defendants' Memorandum of Law also accurately recounts the tortured procedural history of this action. (Defs.' Br. at 2-11.)

4

determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Where "the objecting party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report and recommendation strictly for clear error." *Zaretsky v. Maxi-Aids, Inc.*, No. 10-CV-3771, 2012 WL 2345181, at *1 (E.D.N.Y. June 18, 2012) (internal quotation marks omitted); *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition." (internal quotation marks omitted)); *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection"); *see also Soley v. Wasserman*, 823 F. Supp. 2d 221, 228 (S.D.N.Y. 2011). The district court is "permitted to adopt those sections of a magistrate judge's report to which no specific objection is made, so long as those sections are not facially erroneous." *Batista v. Walker*, No. 94 Civ. 2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) (citation and internal quotation marks and brackets omitted).

Furthermore, even on *de novo* review of specific objections, the court "will not consider 'arguments, case law, and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance.'" *Brown v. Smith*, No. 09-CV-4522, 2012 WL 511581, at *1 (E.D.N.Y. Feb. 15, 2012) (quoting *Kennedy v. Adamo*, No. 02-CV-1776, 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006)).

## DISCUSSION

### I. DeMartino's Objections

Plaintiff DeMartino makes four specific objections to the R&R, none of which is sufficient to warrant *de novo* review.

First, DeMartino argues that the R&R had no basis for concluding that probable cause existed to arrest DeMartino for trespassing. (DeMartino Obj. at 1-2.) Citing the same authority originally cited in his opposition to the motion for summary judgment, DeMartino argues that "[i]t is undisputed that DeMartino was contractually licensed and privileged to be on the worksite pursuant to the agreement drafted by defendant" DASNY. (*Id.*; *see* DeMartino Opp. at 8-9.)

Second, DeMartino asserts that there are triable issues of fact regarding probable cause and credibility, and that "arguable probable cause" did not exist for the individual defendants' actions. (DeMartino Obj. at 2.) Again, DeMartino

6

restates the same arguments previously raised in his opposition to defendants' motion for summary judgment. (*See* DeMartino Opp. at 11-12.)

Third, DeMartino objects to the R&R's interpretation of the contract between DASNY and TADCO, arguing that under the "plain language" of the contract, "*only TADCO* had the contractual authority to remove its employees." (DeMartino Obj. at 3 (emphasis in original).)

Fourth, DeMartino argues that the individual defendants failed to plead probable cause as an affirmative defense and asserts that the R&R "was silent" on the issue of which party bears the burden of proving probable cause. (DeMartino Obj. at 4.)

After reviewing DeMartino's objections, the court finds that they are meritless and insufficient to warrant a *de novo* review of the R&R. As to DeMartino's first, second, and fourth objections, the court finds that they merely restate the same arguments and rely on the same legal authority originally raised in the opposition to defendants' motion for summary judgment, and already considered and rejected by Judge Azrack. (*See* DeMartino Opp. at 8-12.)[3] DeMartino readily acknowledges

---

[3] DeMartino objects that the R&R "was silent" about the burden of proving probable cause. (DeMartino Obj. at 4.) The R&R, however, clearly stated that while it "is unclear whether defendants or plaintiffs bear the burden of

7

that his objections simply reiterate his original arguments. (DeMartino Obj. at 1 ("As pointed out in DeMartino's opposition"), 2 ("As more fully outlined in DeMartino's opposition"), 4 ("as argued more fully in DeMartino's opposition")().) This court will not entertain "attempt[s] to engage the district court in a rehashing of the same arguments set forth in the original" motion papers. *Ortiz*, 558 F. Supp. 2d at 451 (internal citation and quotation marks omitted). Consequently, the court reviews these portions of the R&R for clear error, and finding none, DeMartino's first, second, and fourth objections are respectfully denied.[4]

With respect to DeMartino's third objection, which contends that the R&R erroneously interpreted the contract between DASNY and TADCO and that only TADCO had contractual authority to remove its employees, including DeMartino. DeMartino previously argued in his opposition to the motion for summary judgment that only TADCO had contractual authority to remove its employees. (*See* DeMartino Opp. at 2, 12). Thus, the court finds that this objection is also a restatement of

---

proof on the issue of probable cause," it "ultimately doesn't matter because, given the record, I find that Middleton had probable cause to believe Thomas was trespassing when he returned to the Project after having been escorted off." (R&R at 10 n.7.)

[4] Out of an abundance of caution, the court has reviewed the R&R under a *de novo* standard, and finds no clear error in Judge Azrack's well-reasoned and thorough R&R.

8

DeMartino's arguments raised in his opposition, and that the there is no clear error in the R&R.

Moreover, even under *de novo* review, DeMartino's objection must be denied. Judge Trager found, in his Order dismissing certain claims, and this court agrees with Judge Trager, that "[t]he contract between DASNY and TADCO clearly gave DASNY authority to have DeMartino removed from the worksite upon request." *TADCO I*, 700 F. Supp. 2d at 269, 276. The law of the case doctrine does not preclude this court from reconsidering issues on summary judgment that were initially raised in a motion to dismiss. *McAnaney v. Astoria Fin. Corp.*, 665 F. Supp. 2d 132, 142 (E.D.N.Y. 2009). Accordingly, out of an abundance of caution, the court reviews the contract language and Judge Azrack's R&R regarding who had authority to remove TADCO employees under a *de novo* standard. Upon analyzing this portion of the R&R under *de novo* review, the court agrees with Judge Trager and Judge Azrack and concludes that the plain language of the contract authorized DASNY to unilaterally remove TADCO employees from the construction project, including DeMartino. (*See* ECF No. 128-5, Kemp Declaration filed 11/22/13, Ex. B (contract between TADCO and DASNY), Art. 5, § 5.01(B); R&R at 3 (citing contract provision § 5.01(B))); *TADCO I*, 700 F. Supp. 2d at 261, 269 (citing contract provision § 5.01(B)).

Therefore, the court respectfully denies DeMartino's third objection to the R&R.

## II. TADCO's Objections

TADCO, joined by DeMartino, argues that the R&R failed to properly consider the factors of judicial economy, convenience, fairness, and comity from *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988), in recommending that this court decline to exercise jurisdiction over the remaining state law claims. (TADCO Obj. at 2.) In the R&R, Judge Azrack cited the *Cohill* factors and relevant legal authority, and recommended that the court decline to exercise pendent jurisdiction over TADCO's state law claims. (R&R at 15.) TADCO offers no legal authority to support its argument that a court must *explicitly* discuss each *Cohill* factor when declining to exercise jurisdiction over state law claims (*see id.* at 2), and the court has not found any. However, assuming, *arguendo*, that *de novo* review of this portion of the R&R is warranted, the court upon *de novo* review concludes that the R&R did not err in declining to exercise jurisdiction over TADCO's remaining state law claims.

### A. Standard of Review

A district court's decision whether to exercise "'jurisdiction after dismissing every claim over which it had

10

original jurisdiction is purely discretionary.'" *Chenensky v. N.Y. Life Ins. Co.*, 942 F. Supp. 2d 388, 391 (S.D.N.Y. 2013) (quoting *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009)); *see also* 28 U.S.C. § 1367(c)(3). The "decision to retain jurisdiction is discretionary and not a litigant's right." *Klein & Co. Futures, Inc. v. Bd. of Trade of City of N.Y.*, 464 F.3d 255, 263 (2d Cir. 2006). Under *Cohill*, a district court weighs various factors to determine whether to exercise jurisdiction over remaining state law claims in a particular case, including judicial economy, fairness, convenience, and comity. *Cohill*, 484 U.S. at 350. Where a plaintiff's federal claims have been dismissed, the *Cohill* factors ordinarily point towards declining to exercise jurisdiction over the state law claims. *Id.* at 350 n.7; *Klein & Co. Futures*, 464 F.3d at 262.

**B.     Application**

First, TADCO relies primarily on the factor of fairness, and TADCO claims that it has been "severely prejudiced by the delays in adjudicating its claims," and that dismissal of the state law claims in this case would be "grossly inequitable." (TADCO Obj. at 2.) TADCO also asserts that "there have been extraordinary delays in this case," and "[m]uch of this delay is attributable to the defendants' delays and

failures to meet multiple deadlines in conducting . . . 'limited discovery'" on DeMartino's federal claims.  (*Id.*)

"Fairness involves questions of equity: Will declining jurisdiction prejudice the parties, and are the parties responsible for any such prejudice?"  *Chenensky*, 942 F. Supp. 2d at 392.  Upon a review of the procedural history of this case, the court finds plaintiffs' arguments regarding prejudice to be disingenuous at best, and that consequently, this factor weighs in favor of declining jurisdiction.  Over the course of this case, TADCO and/or DeMartino have repeatedly asked for, and been granted, extensions of time, just as often or more often than have defendants.  (*See* ECF Nos. 23, 25, 28, 31, 32, 88, 109.)

In addition, DeMartino's issues with his legal representation, issues that arose entirely of his own making, further delayed the case.  Thus, Mr. Ha's withdrawal from representation of DeMartino delayed the case for one month for DeMartino to find a new attorney, and also extended the briefing schedule for the motion to dismiss.  (*See* ECF No. 27, Letter from Mr. Ha dated 9/15/08; ECF No. 30, Order dated 10/2/08.)[5]  In addition, the briefing schedule for DeMartino's motion for

---

[5]  DeMartino was ordered to obtain new counsel or file a status report by November 2, 2008.  (ECF No. 30, Order dated 10/2/08.)  Almost two years later, DeMartino filed a letter on November 1, 2010,  explaining that he had not been aware that his attorney had withdrawn, and requesting "the opportunity to be heard" as he was "very close to hiring an attorney."  (ECF No. 49, DeMartino Letter dated 11/1/10.)

reconsideration was placed in abeyance when it became known that DeMartino had failed to disclose this litigation in his bankruptcy proceeding, and that the Trustee of DeMartino's bankruptcy estate needed to investigate whether it was appropriate to intervene in this litigation. (*See* ECF No. 56, Motion to Stay filed 3/2/11; Order dated 3/3/11; ECF No. 57, Letter Advising Court of Abandonment of Debtor's Claims filed 4/1/11.)

This case was further delayed after DeMartino's new counsel, Mr. Warshawsky, filed a motion to withdraw representation, indicating that DeMartino may not have been truthful during his bankruptcy deposition in denying involvement in this litigation, and that "assuming the truth of [DeMartino's bankruptcy testimony], I cannot continue to represent him in this case." (ECF No. 61, Motion to Withdraw filed 4/22/11, at 3.) DeMartino opposed the motion for withdrawal, and the court held a hearing on June 6, 2011, for DeMartino to show cause why his claims should not be dismissed and why Mr. Warshawky's motion for withdrawal should not be granted. (Order to Show Cause dated 6/13/11.)[6] The court ultimately granted Mr. Warshawky's motion to withdraw, and DeMartino obtained new

---

[6] At the July 13, 2011, Show Cause Hearing, the court concluded that DeMartino's two statements under oath at his deposition in the bankruptcy proceeding and at the show cause hearing were contradictory and that "both cannot be true." (ECF No. 85, 7/13/11 Hearing Transcript at 18.)

13

representation, Mr. Vilella. (*See* Order dated 7/13/11; ECF No. 72.) DeMartino's motion for reconsideration was filed on September 19, 2011, more than six months after the filing date originally set for the motion. (*See* Minute Order dated 2/24/11; ECF No. 75, Motion for Reconsideration filed 9/19/11.) Thus, through no fault of defendants, DeMartino's own issues with his representation and his bankruptcy court proceeding delayed the case by more than half a year.

Moreover, the court notes that DeMartino chose to pursue a motion for reconsideration and a motion for a certificate of appealability, which required additional time for the parties to fully brief the motions and for this court to adjudicate the defendants' long anticipated motion for summary judgment.

Finally, the court notes that TADCO's accusation that defendants were responsible for "[m]uch of [the] delay" in this case due to failures to meet deadlines in conducting limited discovery is not accurate, as defendants only filed one request for an extension of time (*see* ECF No. 101, Motion for Extension of Time to Complete Discovery filed 11/19/12), and which extended the discovery timeline by a little over two months. (*See* ECF No. 98, Minute Entry dated 8/16/12 (ordering discovery to be completed by 11/30/12); ECF No. 103, Minute Order dated

14

11/26/12 (granting extension to 2/15/13).) Thus, compared to the lengthy delays caused by DeMartino, defendants' extension request caused only a minor delay.

Accordingly, given that plaintiffs were equally responsible, if not more so, for the "extraordinary delays" in this case, the factor of fairness weighs against exercising jurisdiction over TADCO's remaining state law claims.

Regarding the closely-related factor of judicial economy, TADCO argues that this court is "familiar with this case and is in the best position at this stage to efficiently manage this litigation and ensure the expeditious adjudication of TADCO's claims." (R&R at 3.) When considering the value of judicial economy, courts "consider their familiarity with the facts, the timing of the case, the number of parties and claims, the amount of discovery, and whether there is ongoing parallel litigation." *Chenensky*, 942 F. Supp. 2d at 392 (citing *Allard v. Arthur Anderson & Co.*, 957 F. Supp. 409, 425 (S.D.N.Y. 1997)).

Here, only limited discovery regarding DeMartino's federal law claims has occurred, and unlike in other cases in which courts have retained jurisdiction over pendent state-law claims, this case is not on the eve of trial nor remotely "trial ready". *Allard*, 957 F. Supp. at 425 (collecting cases). In

addition, although the complaint in this case was filed in 2008, it was only transferred to this docket in 2011. (*See* Docket Entry dated 1/28/11.) Thus, "[t]he judicial investment in [the case] before [2011] is irretrievably lost," and "[w]hatever familiarity" this court has with the legal and factual issues relating to the actual merits of TADCO's claims "is derived from papers and is revealed in the opinions . . . which are available to be read by any judicial officer." *Allard*, 957 F. Supp. at 425 (declining to exercise jurisdiction where case was pending for thirteen years, but case had only been on district court's docket for three years). Moreover, the court does not believe that the facts in this case are so complicated as to present any challenge for a state court to gain familiarity with and address the remaining state law claims. Accordingly, retaining the remaining state law claims would do little to serve judicial economy, and this factor weighs against exercising jurisdiction.

Regarding the factor of comity, the court considers "the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims." *Chenensky*, 942 F. Supp. 2d at 392 (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)) (internal quotation marks omitted); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions

of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law . . . . [I]f the federal law claims are dismissed before trial . . . the state law claims should be dismissed as well."). Where there are parallel proceedings in federal and state court, there is a danger of disparate results and the value of comity weighs against retaining supplemental jurisdiction. *Chenensky*, 942 F. Supp. 2d at 395. Here, although TADCO's remaining state law claims do not appear especially complex or novel, TADCO is already pursuing an earlier-filed state court action against DASNY, arising out of the same construction project. (*See* Defs.' Br. at 2 n.3 (referencing *TADCO v. DASNY*, Index No. 600038/07, filed on 1/5/07).)[7] Because state courts "are the best arbiters of state law," *Chenensky*, 942 F. Supp. 2d at 395, and to avoid disparate results regarding a contract dispute arising from a state-funded project involving the Dormitory Authority of the State of New York, the factor of comity weighs against this court exercising jurisdiction.

---

[7]   TADCO, along with Frank DeMartino, the President of TADCO, filed another federal action in this court against defendants DASNY and the state Department of Labor that is pending. The actions asserted in that case relate to a different construction project than the project at issue in this action and in the pending state court action. (*See* Docket No. 13-cv-5273, *DeMartino et al. v. New York State Department of Labor et al.*, ECF No. 1, Complaint filed 9/23/13.)

Finally, the factor of convenience also weighs in favor of declining to exercise jurisdiction. As noted before, there has only been limited discovery on DeMartino's federal law claims, and no discovery has yet occurred on any state law claim. Moreover, TADCO need no longer be concerned about delays generated by DeMartino's federal claims. (*See* TADCO Obj. at 2). Given the current state of the case, the court therefore finds that it would not be unduly inconvenient for TADCO to pursue its remaining state law claims in state court, which is best equipped to adjudicate matters of state law. *See Chenensky*, 942 F. Supp. 2d at 393.

Accordingly, assuming, *arguendo*, that *de novo* review is warranted on the R&R's recommendation to decline to exercise jurisdiction over TADCO's remaining state law claims, the court agrees that the R&R correctly recommended declining to exercise jurisdiction. Therefore, the court affirms and adopts Judge Azrack's well-reasoned and thorough R&R in its entirety as the opinion of the court.

## CONCLUSION

Upon a careful review of the record and Judge Azrack's well-reasoned and thorough Report and Recommendation, the court finds no clear error and hereby affirms and adopts the Report and Recommendation in all respects as the opinion of the court.

Accordingly, the individual defendants' motion for summary judgment as to DeMartino's § 1983 claims is granted in its entirety, and TADCO's remaining state law claims are dismissed without prejudice to refiling in state court. Defendants' request for attorney's fees is denied based on the record before the court. See Fed. R. Civ. P. 54(d)(2). The Clerk of Court is respectfully directed to enter judgment in favor of individual defendants and close this case. Defendants may apply to the Clerk of Court for costs within fourteen days. Fed. R. Civ. P. 54(d)(1).

**SO ORDERED.**

Dated:   September 19, 2014
         Brooklyn, New York

                                         /s/
                                  Kiyo A. Matsumoto
                                  United States District Judge